Marcus B. Smith, Esq. (Bar No. 14790)
Marcus Smith Law, LLC
201 West Tabernacle Street
St. George, Utah 84770
Email: marcus.bret.smith@gmail.com
Telephone: (385) 386-2950

*Attorney for Jason Behar*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| JASON BEHAR,<br><br>Plaintiff,<br><br>v.<br><br>CACHE COUNTY SHERIFF'S OFFICE, SHERIFF CHAD JENSEN, OFFICER T. HIGBEE, OFFICER M. HANSEN, AND OFFICER J. HOPKINS,<br><br>Defendants. | **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF PURSUANT TO 42 U.S.C. § 1983**<br><br>JURY DEMAND<br><br>CIVIL NO. ________________________ |

**JURISDICTION AND VENUE**

1. This Complaint seeks remedies pursuant to 42 U.S.C. § 1983.

2. Jurisdiction is therefore conferred upon this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the Complaint occurred in Logan, Utah.

/ / /

/ / /

## PARTIES

4. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

5. Plaintiff Jason Behar ("Plaintiff") is a resident of Cache County, Utah and at all times relevant hereto, resided in the Cache County, Utah.

6. Defendants Cache County Sheriff's Office, Sheriff Chad Jensen, Officer T. Higbee, Officer M. Hansen, And Officer J. Hopkins, are governmental entities and officers, and at all times relevant hereto, resided in the Cache County, Utah.

## NATURE OF CASE

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. Plaintiff, a seven-year veteran of the United States military, served his country with honor and sacrifice. His service resulted in significant trauma, and he was later diagnosed with PTSD, for which the Veterans Administration rated him as 100% permanently disabled.

9. Plaintiff married Maryann Behar in November 2018.

10. In January 2019, Plaintiff and Maryann began alternating living in the marital home and an RV located on their property.

11. In March 2019, Plaintiff and Maryann separated, and Maryann moved in with her boyfriend. Plaintiff changed the locks to the house at this time.

12. In October 2019, divorce proceedings were initiated.

13. In February 2020, Maryann returned to the property, living in the RV. She had access to the restroom and shower only, and was not permitted to enter other portions of the house, especially Plaintiff's bedroom.

14. As part of this agreement (that Maryann not access Jason's bedroom), Jason maintained a lock on his bedroom. Jason had the only key to access this bedroom, and Maryann never again accessed the bedroom, until Defendants engaged in the unlawful search and seizure described below.

15. On April 22, 2020, Plaintiff asked Maryann to leave the property as part of a domestic dispute. She left, but returned while Plaintiff was briefly away at a friend's house, in order to retrieve her personal belongings.

16. Upon returning to the house, Plaintiff found Maryann at the property and attempted to help her place her belongings in her car. However, Maryann became upset at Plaintiff in this process and shoved Plaintiff. Maryann then called law enforcement, who responded to the scene.

17. Defendants T. Higbee, M. Hansen, and J. Hopkins arrived and arrested Plaintiff based on Maryann's false allegations that Plaintiff had assaulted her.

18. After the arrest, Plaintiff was taken to the Cache County jail.

19. While Plaintiff was still in jail, Defendant Higbee accessed Plaintiff's personal belongings without his permission, retrieved his bedroom key, and proceeded to his house for the purpose of searching his room. Defendants did not have a warrant to do so.

20. The deputies searched Plaintiff's locked bedroom and seized approximately 11 firearms and thousands of rounds of ammunition, all of which were lawfully owned.

21. On April 23, 2020, Plaintiff was released from jail under conditions prohibiting him from returning to his home. A protective order was issued, granting Maryann exclusive access to the property.

22. Between April 2020 and December 2020, Plaintiff was homeless, living out of his car. He was unable to see his children or access his belongings, causing severe emotional, physical, and financial harm.

23. During this time, Maryann failed to pay the mortgage on the house for one and one-half years, causing it to go into foreclosure.

24. In 2023, Plaintiff was forced to declare bankruptcy to prevent the house from being sold at auction. The property was eventually short-sold.

25. Plaintiff acknowledges that claims under Section 1983 are subject to a four-year statute of limitations.

26. Plaintiff contends, however, that the statute of limitations was tolled under the discovery rule because he did not learn, and could not reasonably have known, of the warrantless search and seizure of his locked bedroom until June 2023.

27. Specifically, Plaintiff only became aware of the search and seizure of his firearms and ammunition after hiring a second attorney in June 2023, who provided Plaintiff with a copy of the police report and body camera footage of the search in question.

28. Additionally, Plaintiff asserts that equitable tolling applies due to extraordinary circumstances. Specifically, the impact of the COVID-19 pandemic, which delayed court proceedings and impeded Plaintiff's ability to pursue his criminal charges, which prevented him from learning of the unlawful search and seizure.

29. Plaintiff's claims related to the search and seizure are timely because they were filed within four years of his discovery of the constitutional violations in June 2023.

## CAUSES OF ACTION

30. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Plaintiff alleges that his rights under federal law have been violated by Defendants, as follows:

### *Count I*

### *Unlawful Search and Seizure (Fourth Amendment)*

32. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

33. Plaintiff has a constitutionally protected right to be secure in his person, house, papers, and effects against unreasonable searches and seizures under the Fourth Amendment to the United States Constitution.

34. Defendants T. Higbee, M. Hansen, and J. Hopkins, acting under color of state law, entered Plaintiff's locked, private bedroom, and conducted a search without a warrant, exigent circumstances, or Plaintiff's consent.

35. During the search, Defendants unlawfully seized approximately 11 firearms and thousands of rounds of ammunition, depriving Plaintiff of his personal property.

36. Defendants' actions were objectively unreasonable, lacked justification, and were performed with deliberate indifference to Plaintiff's constitutional rights.

37. As a direct and proximate result of Defendants' unlawful search and seizure, Plaintiff suffered significant harm, including emotional distress, loss of personal property, and financial damages.

***Count II***

***Deprivation of Property Without Due Process (Fourteenth Amendment)***

38. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39. Plaintiff has a constitutionally protected right under the Fourteenth Amendment to be free from deprivation of property without due process of law.

40. Defendants deprived Plaintiff of his property by seizing firearms and ammunition during a warrantless search.

41. Defendants failed to provide Plaintiff with notice or an opportunity to contest the seizure and deprivation of his property.

42. Defendants' actions were intentional, arbitrary, and in violation of clearly established due process rights.

43. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages, including the loss of personal property, financial harm, and emotional distress.

***Count III***

***Monell Claim***

44. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

45. Defendant Cache County Sheriff's Office, as a governmental entity, is liable under Section 1983 for policies, practices, or customs that caused the constitutional violations described herein.

46. Defendant failed to adequately train, supervise, or discipline its deputies, including Defendants T. Higbee, M. Hansen, and J. Hopkins, on proper procedures for warrantless searches.

47. The failure to train and supervise reflects a deliberate indifference to the constitutional rights of individuals, including Plaintiff, and was the moving force behind the violations of Plaintiff's Fourth and Fourteenth Amendment rights.

48. As a direct and proximate result of Defendant's policies, practices, or customs, Plaintiff suffered harm, including emotional distress, financial losses, and deprivation of his constitutional rights.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

a) Compensatory damages for all past and future economic losses and expenses incurred by Plaintiff as a result of Defendant's misconduct;

b) General damages for all past and physical pain, mental suffering, and emotional distress suffered by Plaintiff;

c) Punitive damages to the fullest extent permitted by law;

d) Pre-judgment and post-judgment interest;

e) Declare that Defendants' actions violate Section 1983;

f) Costs incurred in this action and reasonable attorney fees; and

g) Any further relief as may become apparent from discovery as this matter matures for trial.

Plaintiff hereby certifies that this Complaint is not being filed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and is supported by existing law and factual contentions that have evidentiary support, in compliance with Federal Rule of Civil Procedure 11.

Dated: January 17, 2025.

MARCUS B. SMITH
*Attorney for Plaintiff*