THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JASON BEHAR,<br><br>                      Plaintiff,<br><br>v.<br><br>CACHE COUNTY SHERIFF'S OFFICE, SHERIFF CHAD JENSEN, OFFICER T. HIGBEE, OFFICER M. HANSEN, AND OFFICER J. HOPKINS,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [18] DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION**<br><br>Case No. 1:25-cv-00019-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Cache County Sheriff's Office ("Sheriff's Office"), Sheriff Chad Jensen ("Sheriff Jensen"), Officer T. Higbee, Officer M. Hansen, and Officer J. Hopkins's (collectively, "Defendants") Motion to Dismiss Plaintiff's Third Cause of Action with Prejudice.[1] Defendants move to dismiss two defendants—Sheriff's Office and Sheriff Jensen—and the third cause of action for *Monell* liability. Plaintiff Jason Behar does not oppose the motion.[2] For the reasons stated below, the court grants in part and denies in part Defendants' motion.[3]

---

[1] Mot. to Dismiss Pl.'s Third Cause of Action with Prejudice ("Mot. to Dismiss"), ECF No. 18, filed July 3, 2025.
[2] Pl.'s Resp. to Order to Show Cause and Notice of Non-Opposition to Defs.' Mot. to Dismiss Third Cause of Action, ECF No. 25, filed Aug. 13, 2025.
[3] Having considered the briefing and relevant law, the court decides the matter without oral argument. *See* DUCivR 7-1(g).

1

# BACKGROUND

Mr. Behar is a veteran who has been diagnosed with PTSD and determined to be 100% disabled by the Veterans Administration.[4] Mr. Behar and his wife separated in March 2019 after months of alternating who resided in the marital home and in an RV located on the property.[5] Ms. Behar moved in with her boyfriend and Mr. Behar changed the locks on the marital home.[6] They initiated divorce proceedings.[7]

Several months later, Ms. Behar returned and lived in the RV on the property.[8] Mr. Behar allowed her access to the marital home's bathroom only and prohibited her from accessing his bedroom by keeping it locked and maintaining the only key to it.[9]

On April 22, 2020, Mr. Behar asked Ms. Behar to leave the property after they had a dispute.[10] When Mr. Behar returned later in the day, he discovered her at the marital home and attempted to help her load her belongings in her car.[11] She became upset, however, and called the police, alleging that Mr. Behar had assaulted her.[12] Officers Higbee, Hansen, and Hopkins arrived on the scene and arrested Mr. Behar.[13]

While Mr. Behar was in the Cache County jail, Officer Higbee allegedly accessed Mr. Behar's personal belongings and retrieved his bedroom key without his permission.[14]

---

[4] Compl., ¶ 8, ECF No. 1, filed Feb. 12, 2025.
[5] *Id.* ¶ 9–11.
[6] *Id.* ¶ 11.
[7] *Id.* ¶ 12.
[8] *Id.* ¶ 13.
[9] *Id.* ¶ 14.
[10] *Id.* ¶ 15.
[11] *Id.* ¶ 16.
[12] *Id.*
[13] *Id.* ¶ 17.
[14] *Id.* ¶ 19.

Officers then searched Mr. Behar's bedroom where they discovered and seized eleven firearms and thousands of rounds of ammunition.[15]

Mr. Behar was released from jail subject to a protective order that granted Ms. Behar exclusive use of the marital home and prohibited him from entering it.[16] Consequently, Mr. Behar did not learn about the search and seizure of his firearms and ammunition until June 2023.[17]

In February 2025, Mr. Behar filed a complaint against Defendants, alleging three claims: unlawful search and seizure, deprivation of property without due process, and municipal liability under § 1983.[18] Defendants filed a Motion to Dismiss the third claim and Sheriff Jensen under Rule 12(b)(6). Plaintiff Jason Behar does not oppose the motion.[19]

## STANDARD

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[20] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[21] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to

---

[15] *Id.* ¶ 20; Mot. to Dismiss 2.
[16] *Id.* ¶ 21.
[17] *Id.* ¶¶ 26–27.
[18] *Id.* ¶¶ 32–48.
[19] Pl.'s Resp. to Order to Show Cause and Notice of Non-Opposition to Defs.' Mot. to Dismiss Third Cause of Action, ECF No. 25, filed Aug. 13, 2025.
[20] Fed. R. Civ. P. 12(b)(6); *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).
[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

the plaintiff.[22] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law are disregarded.[23]

## DISCUSSION

Defendants move to dismiss count three of Plaintiff's Complaint. Count three alleges municipal, or *Monell*, liability against the Sheriff's Office.[24]

### I. Plaintiff's third cause of action does not meet the elements of a *Monell* claim.

"Municipal entities and local governing bodies are not entitled to the traditional common law immunities for § 1983 claims."[25] Thus, municipalities, including their local officials, do not have absolute immunity under 42 U.S.C. § 1983. However, as the United State Supreme Court established in *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[26] Otherwise, a plaintiff cannot seek damages under § 1983 against municipal entities for deprivation of constitutional rights.[27]

To establish municipal liability under § 1983, a plaintiff "must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."[28] If a plaintiff's claim alleges failure to train or supervise, then a plaintiff also

---

[22] *GFF Corp. v. Ass'n Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[23] *Ashcraft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).
[24] Compl. ¶¶ 44–48. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).
[25] *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009).
[26] *Monell*, 436 U.S. at 694.
[27] *Moss*, 559 F.3d at 1168.
[28] *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

"must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences."[29] The court addresses each element in turn.

### A.     The Complaint does not sufficiently describe a specific custom or policy.

Under the first prong of municipal liability, a plaintiff must allege facts showing "the existence of a municipal custom or policy."[30] A municipal custom or policy may be defined as one of the following:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification of such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.[31]

A plaintiff must also "provide a 'description of a policy or custom and its relationship to the underlying constitutional violation' with 'specific facts.'"[32] "Allegations of 'general deficiencies' without more" will not satisfy this element.[33]

Mr. Behar alleges the Sheriff's Office "failed to adequately train, supervise, or discipline" its officers "on proper procedures for warrantless searches," and this "failure to train and supervise reflects a deliberate indifference" to his constitutional rights.[34] However, this

---

[29] *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).
[30] *Jenkins*, 81 F.3d at 993.
[31] *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010).
[32] *Schriever v. Evangelista*, 2:25-cv-00013, 2025 WL 2576526, at *5 (D. Utah Sept. 5, 2025) (quoting *Henderson v. Harris Cnty.*, 51 F.4th 125, 130 (5th Cir. 2022)).
[33] *Schriever*, 2025 WL 2576526, at *5 (quoting *Keith v. Koerner*, 843 F.3d 833, 838–39 (10th Cir. 2016)).
[34] Compl. ¶¶ 46–47.

allegation does not plead any facts regarding a deficiency in training or supervision. It is simply conclusory. Therefore, Mr. Behar's Complaint does not satisfy this first element.

### B. The Complaint also lacks sufficient facts showing a direct causal link.

Even if Mr. Behar had met the first element, he has not adequately pled causation. To successfully establish *Monell* liability from a municipality's failure to train or supervise, a plaintiff must demonstrate "a direct causal link between the policy or custom and the injury alleged."[35] "To establish the causation element, the challenged policy or practice must be 'closely related to the violation of the plaintiff's federally protected right.'"[36] This requires a plaintiff to allege facts showing that "the municipality was the 'moving force' behind the injury alleged."[37] Indeed, in cases such as this, "[t]he causation element is applied with especial rigor."[38]

Mr. Behar has not alleged sufficient facts to connect his alleged injury to a failure to supervise, discipline, or train. A mere mention of the lack of "proper procedures" for warrantless searches is not enough. Allegations must contain more than "general deficiencies" to show that a policy or custom involving deficient training caused constitutional harm.[39] Mr. Behar's allegations are insufficient and fail to explain how the failure resulted in the alleged injury. Thus, the Complaint lacks the specificity required to meet the causation element of a *Monell* liability claim.

---

[35] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019).
[36] *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).
[37] *Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).
[38] *Schneider v. City of Grand Junction Police Dept*, 717 F.3d 760, 770 (10th Cir. 2013).
[39] *See Schriever*, 2025 WL 2576526, at *5.

### C. The Complaint does not meet the "deliberate indifference" standard.

Likewise, Mr. Behar's allegations do not satisfy the "deliberate indifference" standard. To establish *Monell* liability from a claim involving a municipality's failure to train, supervise, or discipline its employees, a plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences."[40] This is necessarily a "stringent standard of fault"[41] because the constitutionality of the municipal policy or practice itself is not at issue.[42]

Here, there simply are no factual allegations making deliberate indifference plausible.[43] Therefore, the conclusory allegation of deliberate indifference fails.

In sum, Mr. Behar's third claim does not meet the elements to establish municipal liability. Furthermore, it contains "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[44] Therefore, dismissal of the claim is appropriate. Likewise, Sheriff Jensen is dismissed because the Complaint alleges no claims against him and the *Monell* claim is inapplicable to him.[45]

---

[40] *Schneider*, 717 F.3d at 770.
[41] *Connick v. Thompson*, 563 U.S. 51, 61 (2011).
[42] *See Porter*, 587 F. Supp. 3d at 1119–20.
[43] *See id.* at 1121 ("Simply noting one or more general deficiencies is insufficient as a matter of law.").
[44] *Ashcraft*, 556 U.S. at 662, 678, 681 (2009).
[45] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993) (stating that a "*respondeat superior* theory" does not apply to a § 1983 claim).

## ORDER

Accordingly, the court grants in part and denies in part Defendants' Motion to Dismiss Plaintiff's Third Cause of Action. The motion is granted WITHOUT prejudice.[46]

Signed October 3, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[46] ECF No. 18.